CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

MAR 0 6 2006

JOHN F. CORCORAN, CLERK
BY: /s/ Hobson
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. 5:05cr00039 |
| ) | |
| v. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| LYVONNE NATHAN EDWARDS, ) | |
| ) | By: Hon. James G. Welsh |
| Defendant ) | U.S. Magistrate Judge |
| ) | |

The Grand Jury previously returned an Indictment charging this defendant in Counts One through Ten with ten separate acts of wire fraud by knowingly and intentionally causing writings signs or signals to be transmitted in interstate commerce for the purpose of executing a scheme to defraud the Social Security Administration, in violation of Title 18, United States Code, Section 1343; in Counts Eleven through Twenty with ten separate acts of knowingly and intentionally converting to his own use of money, in the form of Social Security disability payments, belonging to an agency of the United States, in violation of Title 18, United States Code, Section 641; and in Count Twenty-One with knowingly and intentionally using a means of identification belonging to another in connection with his schemes of wire fraud and theft, in violation of Title18, United States Code, Section1028(a)(7). The defendant was previously arraigned and entered a plea of Not Guilty to each of these charges. The defendant having now indicated an intent to change his plea, this case was referred to the undersigned for the purpose of conducting a plea hearing in accordance with the provisions of Title 28 U.S.C. § 636(b)(3).

The plea hearing was conducted before the undersigned on March 3, 2006. The defendant was present in person and with his counsel, Aaron Cook; the United States was represented by Ray

B. Fitzgerald, Jr., Assistant United States Attorney, and the proceedings were regularly recorded by a court reporter as required by Rule 11(g).

With the defendant's informed and written consent, the undersigned made a Rule 11 inquiry; the Government presented evidence for the purpose of establishing an independent basis for the plea, and the defendant entered a plea of guilty to Counts One, Eleven, and Twenty-One of the Indictment.

### A. DEFENDANT'S RESPONSES TO RULE 11 INQUIRY

The defendant was placed under oath and addressed personally in open court. He expressly acknowledged that he was obligated to testify truthfully in all respects under penalty of perjury and that he understood the Government's right, in a prosecution for perjury or false statement, to use against him any statement that he gives under oath. *See* Rule 11(b)(1)(A).

The defendant testified that his full legal name is Lyvonne Nathan Edwards, that he was born in 1953, that he has a college education, and that he can read, write and understand English without difficulty. He denied having any medical condition, either physical or mental, which might interfere with his ability to understand and participate fully in the proceedings, and he similarly denied using any medication or drugs which might impair his ability to understand and participate fully in the proceedings. In response to a separate inquiry, defendant's counsel stated that he had no reservations about his client's competency to change his pleas and to enter a plea of guilty to one or more of the charges.

The defendant testified that he had discussed the charges with his attorney, that he had previously received a copy of the Indictment against him. He stated that he understood each of the charges in the Indictment and acknowledged his understanding that each was a felony. *See* Rule 11(b)(1)(G). He testified that he had discussed the contents of the Indictment, including any possible defenses he might have to the charges, and that he had been given enough time to do so. He stated

2

Case 5:05-cr-00039-GEC-JGW   Document 39   Filed 03/06/06   Page 2 of 11   Pageid#: 75

that after consulting with his attorney, it was his desire that the court accept his plea of guilty to one or more counts of the Indictment.

The defendant then stated that he understood that he had the right to have a United States District Judge conduct the plea hearing and plea colloquy under Rule 11. After recognizing and acknowledging this right, the defendant expressly consented to this proceeding being conducted by a Unites States Magistrate Judge. He then executed a written waiver which was filed and made a part of the record.

Upon further inquiry, the defendant testified that he understood each of the charges in the Indictment, that knew each was a felony, that he had been given adequate time to prepare any defenses he might have to the charges in the Indictment, that he was fully satisfied with the services of his attorney, and that it was his intention and desire to change his prior plea and to enter a plea of guilty to one or more of the charges.

The attorney for the Government informed the court that the defendant's proposed plea was to be made pursuant to a written plea agreement, and the Government's understanding of the plea agreement was then stated in some detail, including the sentencing recommendation terms (paragraph 7), the defendant's obligation to provide a financial statement (paragraph 9), the defendant's waiver of his right to appeal any sentence and waiver of his right to jury determination of any guidelines issues (paragraph 10), the defendant's waiver of any right to make any 28 U.S.C. § 2255 attack on the judgment or any part of the sentence in this case (paragraph 10), the substance of the terms set forth in paragraphs numbered 11 through 16 of the plea agreement, and the Government's agreement to dismiss Counts Two through Ten and Twelve through Twenty of the Indictment upon acceptance of defendant's plea of guilty to Counts One, Eleven and Twenty-One (paragraph 3).

3

After which, the defendant's attorney amplified one aspect of the Government's summary of the pleas agreement and indicated his agreement with the summary. The defendant then testified that his understanding of the plea agreement and each of its terms was the same.

In response to a question by the undersigned, defendant's counsel stated that he had reviewed each of the pleas agreement terms with his client and that he was satisfied that the defendant understood each of its terms. After being shown the original of the plea agreement, the defendant acknowledged his signature on the agreement. He testified that no one had made any other, different, or additional promise or assurance of any kind in an effort to induce him to plead guilty in this case, and no one had attempted in any way to force him to plead guilty in this case.

It was then noted for the record that as filed the written Plea Agreement is the best statement of the agreement's terms and that it "speaks for itself."

Upon further inquiry, the defendant expressly acknowledged that he understood he was proposing to enter pleas of guilty to engaging in wire fraud in violation of Title 18, United States Code, Section 1342, to the theft of government property in violation of Title 18, United States Code, Section 641, and to identity theft in violation of Title 18, United States Code, Section 1028(a)(7).

After the attorney for the Government informed the defendant of the range of punishment provided by law for the offense charged in Count One, for the offense charged in Count Eleven and for the offense charged in Count Twenty-One of the Indictment, the defendant acknowledged unequivocally that he understood the maximum possible penalty provided by law for conviction of the felony charged in Count One to be confinement in a Federal penitentiary for twenty (20) years, a $250,000.00 fine, and any period of confinement would be followed by a period of supervised release; that he understood the maximum possible penalty provided by law for conviction of the felony charged in Count Eleven to be confinement in a Federal penitentiary for ten (10) years,

4

a $250,000.00 fine, and any period of confinement would be followed by a period of supervised release; and that he understood the maximum possible penalty provided by law for conviction of the felony charged in Count Twenty-One to be confinement in a Federal penitentiary for twenty-five (25) years, a $250,000.00 fine, and any period of confinement would be followed by a period of supervised release. *See* Rule 11(b)(1)(H). The defendant also expressly stated that he knew his conviction of these three offenses would carry with it a requirement to pay the mandatory special assessment in the total amount of Three Hundred Dollars ($300.00). *See* Rule 11(b)(1)(L)

As to each of the three charges for which he proposed to plead guilty, the defendant stated that he fully understood each of the charges and the maximum penalties (including the special assessment) he would face if convicted.

The defendant stated that he understood each was a felony; that his pleas, if accepted, will result in his being adjudged guilty of three felony offenses; and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm.

The defendant testified that he had spoken with his attorney about how the U. S. Sentencing Guidelines might apply in his case; he understood the Guidelines were no longer mandatory; he understood the court may apply them in an advisory fashion to determine a reasonable sentence; he understood the court, in its discretion, could depart from the Guidelines in accordance with applicable court decisions; and he understood it is within the discretion of the court not to apply the Guidelines and to impose a sentence which is either higher or lower than that called-for by the Guidelines, so long as the sentence is not greater than the statutory maximum for the offenses to which he is pleading guilty. *See* Rule 11(b)(1)(M); *United States v. Booker*, 543 U.S. 220 (2005).

5

The defendant, likewise, acknowledged that he understood the court would not be able to determine the recommended guideline sentence for his case until after the Presentence Report had been completed and he and the Government each had an opportunity to challenge the facts reported by the probation officer. He was informed and expressly acknowledged that the court's determination of his sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the need for any sentence to reflect the seriousness of the offense, to promote respect for the law, to provide for just punishment, to afford adequate deterrence, and to protect the public; the need for any sentence to reflect any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of sentences that are available; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and the need to provide for restitution.

The defendant stated that he understood that, by pleading guilty to Counts One, Eleven and Twenty-One of the Indictment, he was waiving his right to have a jury determine beyond a reasonable doubt the facts alleged in those counts of the Indictment, including those related to sentencing. Likewise, he stated that he understood, pursuant to the terms of the pleas agreement, that he was waiving any right to appeal his conviction, any right to appeal any Guideline sentencing issues, any right to challenge a sentence by the court within the Guideline range on grounds of unreasonableness, and any right to challenge his conviction and/or sentence in any post-conviction proceeding,

Each of defendant's procedural rights surrendered on a plea of guilty was also explained, including: his right to persist in his previous pleas of not guilty to the offenses charged against him; his rights to a speedy trial, to a trial by jury, and to be represented and to have the assistance of

6

counsel at a trial; his rights at trial to see, to hear, to confront and to have cross-examined all adverse witnesses; his right to elect not to testify and to be protected from compelled self-incrimination; his right to elect voluntarily to testify; his rights to present evidence in his defense and to the issuance of subpoenas, or compulsory process, to compel the attendance of witnesses to testify in his defense; his right to the presumption of innocence; the obligation of the Government to prove his guilt beyond a reasonable doubt; and his right to have a unanimous guilty verdict. *See* Rule 11(b)(1)(B)–(E). The defendant expressly acknowledged that he understood his right to persist in his pleas of not guilty and the attendant rights that he would be giving-up upon entry of guilty pleas to Counts One, Eleven and Twenty-One. *See* Rule 11(b)(1)(F). In addition, he testified that he understood that his entry of these guilty pleas meant that there will be no trial and, if accepted, there will be only one more hearing, at which time the presiding District Judge will determine whether there is a factual basis for his plea and what sentence to impose.

He acknowledged that he understood, irrespective of any sentence imposed by the court, he would have no right to withdraw his plea of guilty. He stated that he understood that parole had been abolished, that he would not be released on parole, that any sentence which included imprisonment would include a term of "supervised release," and that his violation of the terms and conditions of supervised release could result in his being returned to prison for an additional period of time.

The defendant testified that he knew and understood by entering pleas of guilty to Counts One, Eleven and Twenty-One, he was admitting all of the elements of three criminal charges. He further testified that he was pleading guilty because he was in fact guilty of the crimes charged in Counts One, Eleven and Twenty-One of the Indictment.

To permit the court to determine that an independent factual basis existed for the plea,

Case 5:05-cr-00039-GEC-JGW Document 39 Filed 03/06/06 Page 7 of 11 Pageid#: 80

counsel for the Government presented the testimony of the case agent, who summarized the results of her investigation, including the facts the Government was prepared to prove at trial pertinent to Counts One, Eleven and Twenty-One of the Indictment.

### B. WAIVER OF READING OF INDICTMENT & TENDER OF PLEAS

After consultation with his attorney, the defendant waived a reading of the Indictment and entered a plea of GUILTY to Count One alleging his violation Title 18, United States Code, Section 1342, a plea of GUILTY to Count Eleven alleging his violation of Title 18, United States Code, Section 641, and a plea of GUILTY to Count Twenty-One alleging his violation of Title 18, United States Code, Section 1028(a)(7). The defendant then executed the requisite form which was filed and made a part of the record.

After entering his plea as aforesaid, after an independent basis for the plea was established and after being informed that the undersigned would recommend to the presiding District Judge that his pleas be accepted, the defendant was again asked and he reconfirmed that no one had forced him in any way either to enter into the plea agreement or to plead guilty to any criminal offense, that other than the express terms of the plea agreement no one had made any promise of leniency or a light sentence in order to induce him to plead guilty to any of the charges (*See* Rule 11(b)(2)), and that he was fully satisfied with the services of his attorney.

After the defendant and his surety executed a superseding Appearance and Compliance Bond, his release was continued on the same terms and conditions, as previously set, and sentencing was set for May 22, 2006 at 10:00 a.m.

### C. GOVERNMENT'S EVIDENCE

Colleen Lawlor, a Social Security Administration investigator, testified that between early

8

1998 and July 2001, the defendant undertook various periods of employment, that during the same period the defendant was receiving monthly disability insurance benefits pursuant to Title II of the Social Security Act, that during the same period one or more of defendant's dependent family members were receiving ancillary benefits on the basis of defendant's disability. Despite having been informed of his duty to notify the agency in the event he returned to work, the defendant in fact became engaged in substantial gainful work activity at one or more car dealerships, and he failed to inform the agency of this change of circumstances. After earnings information was posted to the defendant's account, he was contacted by the local Social Security office. In response to this inquiry, the defendant denied that he was working and said that his brother was using his Social Security number. On or about November 2000, the defendant undertook to work at a dealership after using the Social Security number which belonged to another person. When asked about this work activity, the defendant initially denied working for this dealership; however when confronted with documentation of this employment, the defendant admitted that he undertook to work at this particular dealership and used another's Social Security number. As a consequence of defendant's fraudulent failure to notify the Social Security Administration of his change in circumstances, the defendant caused the agency to transmit funds in interstate commerce for electronic deposit into defendant's bank account. The defendant then converted the funds to his own use, resulting in an aggregate loss to the United States in an amount in excess of $34,000.

### C. FINDINGS OF FACT

Based on the evidence, representations of counsel, and defendant's sworn testimony presented as part of the Rule 11 hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable or entering an informed plea;

2. The defendant is fully aware of the nature of the charge and the consequences of his plea;

3. The defendant is fully informed, and he understands, the applicable enumerated items set forth in Rule 11(b)(1)(A)–(N);

4. Before entering his plea, the defendant and the Government reached a plea agreement which was reduced to writing;

5. The defendant's entry into the written plea agreement and his tender of a plea of guilty to Counts One, Eleven and Twenty-One were both made with the advice and assistance of counsel;

6. The defendant's entry of pleas of guilty to Counts One, Eleven and Twenty-One were made with knowledge and an understanding both of the nature of each offense and the full range of punishment which might be imposed;

7. The defendant's pleas of guilty are fully voluntary and did not result from any force, threats, or promises other the one promise contained in the plea agreement;

8. The plea agreement complies with the requirements of Rule 11(c)(1); and

9. The evidence presents an independent basis in fact containing the essential elements of each offense to which the defendant is pleading guilty;

### D. RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned RECOMMENDS that the court accept defendant's plea of guilty to Counts One, Eleven and Twenty-one of the Indictment, that the defendant be adjudged guilty of those offenses, that the Government's motion to dismiss Counts Two through Ten and Counts Twelve through Twenty against this defendant be granted, and that a sentencing hearing be scheduled by the presiding District Judge on May 22, 2006 at 10:00 a.m.

### E. NOTICE TO PARTIES

Notice is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c). Within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court.

10

The presiding District Judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding District Judge may also receive further evidence or recommit the matter to the undersigned with instructions

Failure to file timely written objections to these proposed findings and recommendations within ten (10) days could waive appellate review. At the conclusion of the ten-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The clerk is directed to transmit copy of this Report and Recommendation to all counsel of record.

DATED: 6th day of March 2006.

*[signature]*
U.S. Magistrate Judge